Filed January 26, 1893.

———◆———

No. 16,077.

HOLMES v. HOLMES.

MARRIED WOMAN.—*Right to Maintain an Action Alone for Alienation of her Husband's Affections.*—A married woman may maintain an action in her own name against one who unlawfully alienates the affections of her hus-band. Such injury being a violation of the personal rights of the wife, and an injury to her person, she is authorized to maintain the action in her own name by virtue of section 5131, R. S. 1881.

From the Jackson Circuit Court.

*R. Applewhite* and *J. F. Applewhite,* for appellant.

OLDS, J.—This is an action, by the appellant against the appellee, to recover damages for alienating the affections of her husband. The appellee filed a demurrer to the complaint for the following causes:

*First.* That said plaintiff has not legal capacity to sue.

*Second.* That said plaintiff's complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer and appellant excepted, and assigns such ruling as error. We are not favored with a brief, on behalf of the appellee, in support of the ruling, and no objection is suggested or pointed out as to the insufficiency of the averments of the complaint. Counsel for appellant state that the question to be determined is, " Can a married woman maintain an action in her own name for alienating the affections of her husband ?" We, therefore, consider this question solely, as the averments of the complaint seem to be sufficient if the appellant has the legal capacity to maintain the action. Since the decision by the Circuit Court, and the filing of appellant's brief, this court has considered and passed upon the question.

In the case of *Haynes* v. *Nowlin*, 29 N. E. Rep. 389, it was held that a married woman can maintain an action in her own name, against one who wrongfully entices her husband from her, and thereby deprives her of his companionship and support; and this but follows a line of decisions of other states, though the statutes of this State, enlarging the rights of married women, seem to have influenced the writer of the opinion in arriving at the conclusion reached in the opinion, and we think rightly so. It has been the policy of our law to restore to married women full and equal rights with all other persons. To this end statutes have been enacted giving to the wife the right to contract, and to sue and be sued; and the statute further provides that every action shall be prosecuted in the name of the real party in interest.

In *Westlake* v. *Westlake*, 34 Ohio St. 621, the court, in a very

learned opinion, fully discussing the right of the wife to maintain such an action, held that a statute giving the wife the right to maintain an action for the violation of her personal rights, authorized the maintaining of a separate action for the alienation of her husband. Some of the decisions holding that the wife can maintain such an action is based on the principle that the alienation of the husband's affections are a violation of the personal rights of the wife, and is an injury to the person. In law injury to the person does not necessarily mean an act or injury inflicted by physical contact with the person. Other decisions proceed upon the theory that depriving the wife of the fellowship and support afforded by her husband is an injury to property, and other decisions sustain the doctrine without regard to any statute. *Bennett* v. *Bennett*, 116 N. Y. 584, S. C., 23 N. E. Rep. 17.

The injury being a violation of the personal rights of the wife, and an injury to her person, she is authorized to maintain the action in her own name against the person inflicting the injury, by virtue of section 5131, R. S. 1881; but, independent of a statute expressly giving the wife the right to maintain such an action in her own name, we think the ancient doctrine, that the husband and wife are one person in law, has been so completely discarded and widely departed from, and that it is so inconsistent with modern statutes and the doctrine of modern decisions, that it may be held that the wife may maintain such an action. Indeed, to hold otherwise would be to deny to the wife a right existing under like circumstances in favor of her husband, and utterly inconsistent with our system of jurisprudence. The doctrine that the *baron* and *feme* were one person never had any foundation in justice or equity, and has been well termed, by the writer of the opinion in *Haynes* v. *Nowlin*, *supra*, a fiction.

The decisions bearing upon the question of the right of the wife to maintain the action are collected in the cases

which we have cited, and fully sustains the right of the wife to maintain an action in her own name for the alienation of her husband's affections.

It follows, from the conclusion we have reached, that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, at costs of appellee, with instructions to overrule the demurrer to the complaint.

Filed January 6, 1893.