A. P. KELLEY *et al.* v. J. H. STEVENS *et al.*

No. 9077.

CASE MADE— *everything intended to be in, should precede judge's signature.* Everything intended to be incorporated in a case-made for the consideration of this Court should precede the signature of the judge who settles it; and *held*, that on the record presented in this case a general finding of the trial court in favor of the defendants must be affirmed.

*Error from Finney District Court.*
*Hon. A. J. Abbott, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*B. W. Lemert*, and *Milton Brown*, for plaintiffs in error.

*J. R. Johnson*, for defendants in error.

ALLEN, J. This action was brought to set aside a deed made by James H. Stevens and wife to Lillias H. Thompson, Charles B. Thompson and Lillian E. Thompson, and to subject the property therein described to the payment of a judgment in favor of the plaintiffs in error, against J. H. Stevens and C. L. Thompson, the husband of Lillias H. Thompson. There are 15 assignments of error. We have examined and overruled all of them. The brief seems to lay most stress on the proposition that the property conveyed to Mrs. Thompson was partnership property, and therefore, it is contended, subject to the payment of partnership debts before any part of it can be applied to the payment of a debt of an individual member of the firm. Mr. and Mrs. Thompson claim that the conveyance to her was in payment of a debt due her from her husband. We fail to find a copy of the judgment in favor of the plaintiffs. There are two recitals in the record concerning a judgment. One

of them is a judgment in favor of A. P. and W. E. Kelley against Stevens & Thompson for $2,399.53. The other is of a judgment for the same amount in favor of the same persons against Stevens & Thompson and C. J. Jones. This judgment appears to have been rendered on four promissory notes signed by J. H. Stevens, C. L. Thompson and C. J. Jones, which were secured by a mortgage on certain lots, executed by C. J. Jones and wife. So far as the evidence goes it shows liability as individuals rather than as partners. The trial court made a general finding in favor of the defendants. Several assignments of error are predicated on the deposition of C. L. Thompson. We find, attached to the case-made after the signature of the judge, a stipulation with reference to a deposition, followed by what purports to be a deposition of C. L. Thompson in the caption and body of it, but which is unsigned. Another assignment of error is in excluding a plat of Stevens & Thompson's addition to Garden City, which it is claimed was offered in evidence. We find folded in the purported deposition an unauthenticated copy of what appears to be a plat of such addition, wholly detached from the case-made. In the body of the case it is said that it contains all the evidence, yet counsel refer to the deposition of Thompson as a part of the evidence in the case. This is not the way to prepare a case-made. Everything which it is intended to embody in a case, should precede the signature of the judge. On such a record we cannot say that the trial court erred in finding generally for the defendants.

The judgment is affirmed.

All the Justices concurring.