THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS,
v. THE KANSAS GRAIN COMPANY.

**No. 10865.**

1. PRACTICE, SUPREME COURT—*Defective Case-made.* Statements of proceedings and copies of evidence intended to be incorporated in a case-made should precede the order of the judge settling the case, so as to make it manifest that they have been considered and allowed by him as parts of the record for review.

2. DAMAGES TO CHARACTER —*Exemplary Based on Actual.* A judgment for one dollar of actual damages, upon a cause of action against a bank by one of its depositors for injuries to his business character and standing, caused by its refusal to honor his check drawn in favor of a third person, will be regarded as for a nominal sum only, and will not constitute a basis for the allowance of an extra amount as exemplary damages. *Held*, therefore, that a judgment for exemplary damages in addition to the nominal sum of one dollar should be vacated.

3. MISJOINDER OF CAUSES OF ACTION—*Demurrer.* Error in overruling a demurrer to a petition for misjoinder of causes of action, upon one of which causes a judgment for a nominal sum only was awarded, but upon the other of which judgment for a substantial amount was rendered, does not constitute ground for reversing the whole case.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed December 10, 1898. Modified.

*Whitelaw & Rose*, for plaintiff in error.

*H. Whiteside*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action by the Kansas Grain Company, as plaintiff, against the First National Bank of Hutchinson, Kansas, as defendant, to recover the amount of a deposit of money made by the plaintiff in the defendant bank, which the latter had refused to pay to plaintiff in person, and also to recover damages on account of loss of business character and standing caused by the refusal to honor plaintiff's checks issued to other persons. The claim for the recovery of the amount of the deposit was, of course, upon the implied contract to pay upon demand. The claim for damages was in the form of two additional causes of action, in each of which the issuance of checks to third persons, their presentation to the defendant and its refusal to pay were stated. These refusals were alleged to have been wilful and malicious, and made with the intent to injure the plaintiff's business character and standing, and to have resulted in such consequence. The case was tried to the court without a jury. Special findings of fact were made. Judgment upon these findings was rendered for plaintiff for $4063.75 upon the cause of action for the recovery of the deposit, and $1 of actual and $100 of exemplary damages upon each of the two other causes of action. From this judgment the defendant below prosecutes error to this court.

One of the claims of error is that the findings and judgment are unsupported by the evidence. Other claims of error are the admission and rejection of evidence upon the trial. None of these claims can be inquired into by us because of defects in the preparation of the case-made. This document does not purport to contain all the evidence and other pro-

ceedings occurring on the trial. Following the order of the judge settling the case is this statement: "The above and foregoing case-made contains all of the pleadings, motions, orders, evidence, exhibits, rulings of the court, judgments, findings of fact, and conclusions of law, and all other proceedings and exceptions had in the above-entitled cause." Following this are fifty or more pages of matter, apparently the testimony of witnesses and documentary evidence used upon the trial of some action. It appears from statements made to us upon the argument of the case that this testimony and these documents were suggestions of amendment to the case-made in question, which the counsel for plaintiff in error had accepted as properly forming parts of it. However, they are not incorporated into it, and therefore we cannot consider them, nor consider the evidence in the original case-made itself. In *Kelley v. Stevens*, 57 Kan. 506, 46 Pac. 943, it was ruled: "Everything intended to be incorporated in a case-made for the consideration of this court should precede the signature of the judge who settles it; and *held*, that on the record presented in this case a general finding of the trial court in favor of the defendants must be affirmed."

Counsel for plaintiff in error strenuously insist that there was a misjoinder of causes of action; that a cause of action on contract and one or more in tort cannot be joined unless they arise out of the same transaction, or transactions connected with the same subject of action (Gen. Stat. 1889, ¶ 4166; Gen. Stat. 1897, ch. 95, § 83) ; that the several causes of action in question did not so arise, and therefore that their demurrer for misjoinder should have been sustained. Under the special circumstances of this case, as disclosed by the findings of the court, it is unnecessary to pass

Bank v. Grain Co.

upon this question.   No actual damages were allowed
to the plaintiff upon either of the causes of action
sounding in tort.   On each of these causes of action
the court found only one dollar of actual damages.
These are but nominal sums, considering the charac-
ter of the demands made.   It is inconceivable that
one whose commercial reputation has been slandered
has not sustained thereby more than a dollar of actual
damages.   Therefore, the sums adjudged on each of
these causes of action can be considered in no other
light than as nominal awards.   The rule is settled
that exemplary damages cannot be allowed unless
actual damages have been sustained.   The allowance
of a nominal sum constitutes no basis for the imposi-
tion of exemplary damages.   (*Schippel v. Norton*, 38
Kan. 567, 16 Pac. 804; *Adams v. City of Salina*, 58
id. 250, 48 Pac. 918.)   The court below was in er-
ror, therefore, in awarding to the plaintiff $200 exem-
plary damages, resting upon no other basis than the
nominal sum of two dollars.   However, these consid
erations do not dispose of the question of misjoinder.
They only dispose of the judgment for exemplary
damages.   Nevertheless, the judgment for one dollar
of actual damages in each of the two causes of action
in tort does not constitute any substantial basis upon
which to rest a continued claim of error in overruling
the demurrer for misjoinder.

Had no judgment at all been rendered upon these
two causes of action, it is clear that the error in over-
ruling the demurrer, if, indeed, it was an error,
would have been cured, or rather would have been
rendered harmless.   "Although a demurrer may have
been improperly overruled, yet, if the demurrant was
not harmed by such ruling, judgment will not be re-
versed on account of the harmless error."   (6 Encycl.

of Pl. & Pr. 368.) In reason, the rule can be nowise different where, instead of rendering no judgment at all upon some of the causes of action improperly joined, judgment upon them for a nominal sum only is awarded. Rarely do errors in judgments for nominal sums constitute grounds for reversing cases, and it would be a violation of the spirit, if not the letter, of the code, as well as a violation of the ordinary rule just stated, to reverse a judgment for a substantial amount, rendered upon a meritorious cause of action, merely because of its improper joinder with another cause of action, upon which judgment for a nominal sum only was awarded.

The judgment of the court below is ordered to be modified to the extent of the $200 of exemplary damages. In all other respects it is affirmed. The costs of this court are ordered to be equally divided.