ANNIE A. DIXON *vs.* ELLA M. AMERMAN.

Suffolk. March 10, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Action, Survival.*

An action by a wife against another woman for adultery with the plaintiff's husband causing loss of his society does not survive under Pub. Sts. c. 165, § 1. R. L. c. 171, § 1.

TORT by one woman against another for criminal conversation with the plaintiff's husband and consequent loss by the plaintiff of his society. Writ dated February 17, 1899.

In the Superior Court the executor under the will of the defendant, who had been cited in and appeared specially, suggested the death of the defendant since the bringing of the action, and moved that the action be dismissed. The motion was heard by *Braley*, J., who granted the motion and made an order that the action be dismissed; and the plaintiff alleged exceptions.

*C. H. Stebbins & C. E. Burbank*, for the plaintiff.

*E. A. Gilmore*, for the defendant.

HOLMES, C. J. This was an action by a wife against another woman alleging adultery with the plaintiff's husband and consequent loss of his society. See *Neville* v. *Gile*, 174 Mass. 305; *Houghton* v. *Rice*, 174 Mass. 366. The defendant died, the Superior Court dismissed the action on motion, and the plaintiff appealed. The only question is whether the action survives by force of Pub. Sts. c. 165, § 1, (R. L. c. 171, § 1,) as an action "of tort for assault, battery, imprisonment or other damage to the person."

It would seem that nothing could make it plainer than the words themselves do that this case is not within them. The words "or other damage to the person" seem to have been adopted in the General Statutes, Gen. Sts. c. 127, § 1, as an equivalent for St. 1842, c. 89, § 1, which enacted that "the action of trespass on the case, for damage to the person, shall hereafter survive." This was by way of addition to the Rev. Sts. c. 93,

§ 7, which embraced only "assault, battery, or imprisonment," and obviously it meant only to make the survival of certain types of wrongs independent of the form of the action. In the language of Chief Justice Shaw, "This manifestly extends only to damage of a physical character, as by negligence of carriers, towns, or the like." *Smith* v. *Sherman*, 4 Cush. 408, 413. The same principle was stated in *Nettleton* v. *Dinehart*, 5 Cush. 543, where it was held that an action for malicious prosecution did not survive, and has been repeated ever since. *Norton* v. *Sewall*, 106 Mass. 143, 145. *Wilkins* v. *Wainwright*, 173 Mass. 212, 213. In *Walter* v. *Nettleton*, 5 Cush. 544, and *Cummings* v. *Bird*, 115 Mass. 346, it was held that an action on the case for a libel did not survive.

It is true that it has been said elsewhere that an action by a husband for debauching his wife was an action for a trespass to his person within an exception to the statutory survival of personal actions. *Clarke* v. *McClelland*, 9 Penn. St. 128. *Garrison* v. *Burden*, 40 Ala. 513. See *Noice* v. *Brown*, 10 Vroom, 569. But this proposition is simply a corollary of the common law doctrine that the wife is the husband's servant, 1 Roll. Abr. 2, pl. 7, and his chattel, Y. B. 19 Hen. VI. 31, pl. 59, 2 Roll. Abr. 546 (D), as well as a part of his person. 1 Bl. Com. 442. The wrong was a trespass because the wife had no power to consent. 3 Bl. Com. 139. See *MacFadzen* v. *Olivant*, 6 East, 387. It hardly needs to be observed that if these principles were invoked they would give the wife no comfort. The dismissal of the action was right under the settled construction of our statute.

*Judgment affirmed.*