BARNARD, Appellant, vs. COHEN and another, Respondents.

*April 5—April 24, 1917.*

Appeal: Reversal of judgment: Nominal damages: Punitory damages:
Libel.

1. An erroneous judgment will not be reversed when recovery is for
   no more than a nominal amount.
2. In an action for libel punitory damages cannot be recovered where
   the compensatory damages are merely nominal.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action for libel. The case was submitted to the jury
under proper instructions and the jury returned the follow-
ing verdict:

"We, the jury, duly impaneled to try the issues in the
above entitled action, find for the plaintiff, *James Barnard,*
and assess his damages as follows:

"Compensatory damages, ———.
"Punitory damages, $300."

Thereupon plaintiff moved (1) for judgment in his favor;
(2) that the verdict be amended by inserting the words "six
cents" in the space reserved for compensatory damages; and
(3) in case both motions be denied, for a new trial. De-
fendants moved for judgment upon the verdict. The trial
court denied all of the motions, and upon its own motion
amended the verdict by inserting the words "six cents" in
the space reserved for compensatory damages and entered
judgment upon the amended verdict for plaintiff for the sum
of six cents damages and six cents costs. From the judg-
ment so entered plaintiff appeals.

For the appellant there were briefs by *Hill & Spohn* of
Madison, and oral argument by *W. H. Spohn.*

For the respondents there was a brief by *Jones & Schu-
bring* of Madison, and the cause was argued orally by *Burr W.
Jones.*

ROSENBERRY, J.    There was a demurrer to the complaint which was overruled.    The defendant assigns this as error, but in the view we take of the case that question is immaterial.    An erroneous judgment will not be reversed where recovery is for no more than a nominal amount.    *Riess v. Delles,* 45 Wis. 662.

The principal question presented is: In an action for libel, can there be a recovery of punitory damages if only nominal compensatory damages are found?

Upon this question there is a conflict in the authorities. In the following cases it is held there may be such recovery: *McConathy v. Deck,* 34 Colo. 461, 83 Pac. 135; *Lampert v. Judge & Dolph D. Co.* 238 Mo. 409, 141 S. W. 1095.    The following cases hold that there may not be such a recovery: *First Nat. Bank v. Kansas G. Co.* 60 Kan. 30, 55 Pac. 277; *Kuhn v. C., M. & St. P. R. Co.* 74 Iowa, 137, 37 N. W. 116; *Meidel v. Anthis,* 71 Ill. 241.    This court is committed to the doctrine that punitory damages cannot be recovered in an action where the compensatory damages are merely nominal. We think this rule is based not only upon authority but upon the better reason.    *Barber v. Kilbourn,* 16 Wis. 485; *Maxwell v. Kennedy,* 50 Wis. 645, 7 N. W. 657.    See, also, *Bass v. C. & N. W. R. Co.* 42 Wis. 654, 672.

*By the Court.*—Judgment affirmed.