HOWARD, Respondent, vs. LUNABURG, Executrix, Appellant.

*March 8—April 5, 1927.*

*Abatement and revival: What actions survive: Action for alienation of husband's affections: Appeal: From order of continuance.*

1. An order continuing, over an objection which was equivalent to a general demurrer, a wife's action for alienation of her husband's affections and for criminal conversation against the executrix of the deceased defendant, is appealable.   p. 509.
2. It was not the intention of the legislature in enacting sec. 331.01, Stats., that all actions should survive the death of the parties; and under sec. 246.07, Stats., such action by a wife, there being no allegation of loss of support, does not survive defendant's death, under said sec. 331.01.   p. 510.
3. A wife is not entitled to the services of her husband; hence, if she loses them, she has parted with nothing of financial value, since she still has her right of support.   p. 511.

4. Damage to feelings, or loss of consortium, does not constitute a property right or interest within the meaning of sec. 331.01, Stats., providing for the survival of actions. p. 511.

5. By "property rights or interests," as used in sec. 331.01, Stats., is meant rights or interests of value that could be parted with for some pecuniary consideration, or which, if lost or impaired, would pecuniarily diminish the estate of plaintiff. p. 511.

6. "Damage to the person," as used in said sec. 331.01, does not include damage to the feelings, so as to permit the wife's action for alienation of her husband's affections to survive the death of the defendant. p. 513.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Action for the alienation of the affection of plaintiff's husband and for criminal conversation. The action was begun in the lifetime of the original defendant, Elenore B. Philipp, but she died during its pendency and the circuit court entered an order continuing it against *Emma Lunaburg,* the executrix of Elenore B. Philipp's estate.

The gravamen of the action is that by reason of the "wrongful, wilful, wicked, and unlawful acts of the defendant, the love and affection which the said John F. Howard had for the plaintiff was wholly alienated and destroyed, and the plaintiff was deprived of the comfort, society, aid, assistance, love, and affection of her said husband which she otherwise would have had." There is no allegation of loss of support. On the other hand it is expressly alleged that plaintiff's husband was never lawfully divorced from her.

The defendant appealed from the order continuing the action.

For the appellant there were briefs by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

For the respondent there was a brief by *Glicksman & Gold* of Milwaukee, and oral argument by *Walter L. Gold.*

VINJE, C. J.   The objection to the survival of the action was that since the sole defendant was dead it appeared from the face of the complaint that it stated no cause of action against the executrix.   The objection was equivalent to a general demurrer, and the order overruling it was therefore appealable.

That a cause of action existed against the original defendant is conceded.   Sec. 246.07, Stats.   The sole question is, Does the action survive?   At common law tort actions did not survive.   This was so although property rights were incidentally affected.   1 Ruling Case Law, 31.   Such rule was founded on the theory that actions for wrongs that did not directly or indirectly diminish the estate of the plaintiff should not survive because the judgment was more in the nature of a punishment to the wrongdoer than compensation to the plaintiff for any financial loss that he had sustained,— hence when the wrongdoer was dead there was no one to punish and the action abated.

Our court has said that at common law a wife could not maintain such an action.   *Duffies v. Duffies,* 76 Wis. 374, 45 N. W. 522, and *Lonstorf v. Lonstorf,* 118 Wis. 159, 95 N. W. 961.   In the first case CASSODAY, J., dissented, and in the last case CASSODAY, C. J., and SIEBECKER, J., dissented.   Whether the court or the dissenting justices were right is quite immaterial to the question of survival, for sec. 246.07, Stats., as amended by ch. 17, Laws of 1905, gave the wife a right of action for the alienation of her husband's affection; but being purely a tort action it did not survive at common law even if such right of action was sustained by it.   So we must look to our statute to see if it has been taken out of the common-law rule.   Our survival statute so far as applicable to this case reads:

"In addition to the actions which survive at common law the following shall also survive: Actions . . . for assault and battery, false imprisonment or other damage to the per-

son, for all damage done to the property rights or interests of another. . . ." Sec. 331.01.

The words "or other damage to the person" were added to the statute by ch. 280 of the Laws of 1887 and were probably copied from the Massachusetts statute. See *Lehmann v. Farwell*, 95 Wis. 185, 190, 70 N. W. 170. The words "for all damage done to the property rights or interests of another" were added by ch. 353, Laws of 1907.

It is so evident that it needs no argument to show (1) that our survival statutes have made an addition to the actions that survived at common law, but (2) that it was never the legislative intent that all actions should survive. If that had been the intent it could have been expressed by saying "all actions shall survive" or equivalent language. The legislature has not said that. Hence, if we give the statute a construction that will result in the survival of all actions, we have misconstrued it. It is well to bear this in mind and to make it clear, for as we construe the arguments of counsel for plaintiff they seem to lead to the result that all actions survive.

They argue that this action is one for damage to the property rights or interests of another and call attention to the fact that this part of the statute was taken from the New York statute; that we took it with the construction there given it, and that the New York courts had held that an action by a husband for the loss of his wife's services, and expenses incurred by reason of injuries to the wife, comes under the statute. *Cregin v. Brooklyn C. R. Co.* 75 N. Y. 192. Undoubtedly so, for loss of service of the wife and medical and other expenses incurred by the husband diminish his estate *pro tanto* and hence it is an injury to property rights. A number of such cases are cited. Loss of service or expenses incurred by reason of injuries to the person of a minor stand upon the same basis. In the present case there is no allegation in the complaint that shows plaint-

Howard v. Lunaburg, 192 Wis. 507.

iff has been damaged financially in property rights by the conduct of the original defendant.   Injury to plaintiff's feelings alone is alleged.   The complaint negatives the fact that she was deprived of the support of a wife, for it asserts that her husband obtained no valid divorce from her.   Hence her right to support has remained.   The husband is entitled to the services of his wife,—hence if he has been deprived of them he has suffered a damage to his property rights. But his wife is not entitled to the services of her husband, so if she loses them she has parted with nothing of financial value.   She still has her right of support.   Damage to feelings, or loss of consortium, does not constitute a property right or interest within the meaning of the statute, for if it did all actions would survive, and that was not the legislative intent.   If actions for damage to property rights; for damage to the person, physically, and for damage to feelings survived, then all actions would survive, for all actions must be included in the above classes or combinations thereof.   By property rights or interests was undoubtedly meant a right or interest of value that could be parted with for some pecuniary consideration, or if lost or impaired would pecuniarily diminish the estate of plaintiff.

A large number of cases from many jurisdictions are cited to us in which, in discussing the question of the right of the wife to maintain such an action, the court has spoken of the action as affecting her property rights.   Thus we have this quotation from *Holmes v. Holmes,* 133 Ind. 386, 32 N. E. 932 : "Other decisions proceed upon the theory that depriving the wife of the fellowship and support afforded by her husband is an injury to property, and other decisions sustain the doctrine without regard to any statute."   However appropriate and correct this language may be to the points in issue in that case, we think it does not aid us in solving the question as to the survival of this action.

It was argued orally that plaintiff had a property right

in her cause of action. If that is true, which we think it is not till the action is reduced to judgment, the answer is that defendant did not injure plaintiff's cause of action. On the contrary she gave plaintiff her cause of action, and further, if a cause of action is a property right or interest, then all actions survive. This, as we have said, was not the legislative intent.

Our conclusion is that the cause of action stated does not come within the terms of the statute relating to damage to property rights or interests.

Much that has been said with reference to damage to property rights applies to the statute relating to damage to the person. In *Hiner v. Fond du Lac,* 71 Wis. 74, 82, 36 N. W. 632, the court queried if the doctrine *noscitur a sociis* did not apply so as to limit it to cases of voluntary damage to the person by use of force, but in *Lehmann v. Farwell,* 95 Wis. 185, 189, 70 N. W. 170, it was held to apply to physical damage to persons through negligence. The court followed the Massachusetts construction in *Norton v. Sewall,* 106 Mass. 143, where it was held that the words "damage to the person" "include every action the substantial cause of which is a bodily injury." See, also, *Cutter v. Hamlen,* 147 Mass. 471, 18 N. E. 397. It is true that cases may be found where the words "injuries to the person," "personal injury," and the like have been in certain contexts held to be broad enough to include acts that do not involve physical contact with the injured person, as in *Bennett v. Bennett,* 116 N. Y. 584, 23 N. E. 17; in *Holmes v. Holmes,* 133 Ind. 386, 32 N. E. 932; and in *Madden's Case,* 222 Mass. 487, 489, 111 N. E. 379, and (in a *dictum*) to include alienation of affections. *Hurle's Case,* 217 Mass. 223, 104 N. E. 336. But Massachusetts has consistently held that in the survival statute the words "damage to the person" import physical damage and do not include the alienation of affections. *Dixon v. Amerman,* 181 Mass.

430, 63 N. E. 1057, and cases cited. It was said in the *Dixon Case,* speaking of the statutory words "or other damage to the person :" "It would seem that nothing could make it plainer than the words themselves do that this case [alienation of affection] does not come within them." See, also, note to *Gross v. Ledford* (190 Ky. 526, 228 S. W. 24), 14 A. L. R. 693, where it is stated that "the proposition laid down in the reported case, . . . that an action or cause of action for alienation of affections or criminal conversation does not survive the death of either party, is supported by the weight of authority," citing a number of cases.

Words are flexible things, and in one context may mean one thing and in another context the exact opposite. Thus the International Dictionary defines "invaluable" as "Valuable beyond estimation," . . . "not valuable, worthless." It gives the word "fast" thirty different meanings. Examples might be multiplied indefinitely. So we see we often do not get far, or if we do, we may get far astray, by clinging to identity of definitions of words in different contexts. As before pointed out, if damage to the person includes damage to feelings, then all actions survive, and that cannot be the proper statutory construction.

There is another class of cases to which our attention has been called where it is held that injury to the person of the wife has been held injury to the person of the husband. Such decisions are based upon the common-law fiction that the wife and husband are one and that "the one" is the husband. Even if this doctrine were invoked it would avail the plaintiff naught, for she is not "the one."

It is significant that since 1887, when the words "or other injury to the person" were added to our statute, no case in our state has come to our notice where it has been claimed to include injury to feelings. The legal profession has evidently not so understood it.

Our attention is called to a statement in *Samuel Meyers,*

*Inc. v. Ogden Shoe Co.* 173 Wis. 317, 320, 181 N. W. 306, to the effect that an action for deceit does not survive. The statement was *obiter* and is contrary to the rule announced in *Puffer v. Welch,* 144 Wis. 506, 129 N. W. 525, which correctly construed ch. 353, Laws of 1907, and to which ruling we adhere.

Our conclusion is that the trial court erred in holding that the cause of action set forth in the complaint survived the death of the original defendant.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint upon the merits.