WUSSOW, Plaintiff-Respondent, v. COMMERCIAL MECHANISMS, INC., and another, Defendants-Appellants.†

Court of Appeals

*No. 77–726. Submitted on briefs January 20, 1979.—*
*Decided April 30, 1979.*
(Also reported in 279 N.W.2d 503.)

† Petition to review granted.

For the appellants the cause was submitted on the briefs of *John Bosshard* and *Bosshard, Sundet & Associates* of La Crosse, and *Peter S. Hendrixson* and *Darron C. Knutson* and *Dorsey, Windhorst, Hannaford, Whitney & Halladay* of Minneapolis, MN.

For the respondent the cause was submitted on the brief of *Robert D. Johns, Jr.,* and *Johns, Flaherty & Gillette, S. C.* of La Crosse.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Commercial Mechanisms, Inc. (CMI) and Advance Machine Co., Inc. (Advance) appeal from judgments against each and from orders denying their motions to dismiss and their motions after the verdict. We reverse.

This is a products liability action arising out of personal injuries to the plaintiff Ronald Wussow July 3, 1972, who at that time was 14 years old. Plaintiff entered an unlocked shed owned by the village of Bangor where the Bangor Area School District stored a baseball pitching machine manufactured by CMI.[1] While examining the machine and pulling on some of its pulleys and belts, plaintiff was struck on the head by the pitching arm of the machine.

Plaintiffs' complaint pleaded causes of action on behalf of Ronald and his parents for compensatory damages against all defendants, including CMI and Advance, plus punitive damages against CMI and Advance.

The court entered an order on stipulation dismissing "all of the Plaintiffs' causes of action, excepting only the Plaintiffs' cause of action for punitive damages against Commercial Mechanisms, Inc., and Advance Machinery Company, . . ." The terms of the settlement on which the stipulation is based are not of record, although the court referred at one point to a "Pierringer" release.[2]

---

[1] CMI is the wholly owned subsidiary of Advance, which acquired CMI's stock after the machine was produced but before the accident.

[2] *Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963), holds that a properly drawn release of a settling joint tort-feasor may reserve the injured party's rights against the non-settling joint tort-feasor and protect the settling tort-feasor against an action for contribution. Such a release, by its terms, would not destroy the injured party's claim against the remaining tort-feasor for compensatory damages, but that is the very effect of the order dismissing plaintiffs' "causes of action, excepting only the Plaintiffs' cause of action for punitive damages . . ." It is doubtful whether conduct justifying punitive damages would permit the actor to use the equitable principles of contribution to proceed aganst other defendants. *Cf. Bielski v. Schulze*, 16 Wis.2d 1, 17, 114 N.W.2d 105 (1962); *Jacobs v. General Acc. Fire & Life Assur. Corp.*, 14 Wis.2d 1, 109 N.W.2d 462 (1961).

Trial was held on a strict liability theory solely on the punitive damages issue and on the complaint of Ronald Wussow. The jury returned a verdict in favor of plaintiff in the amounts of $20,000 against Advance and $50,000 against CMI and judgments were entered on the verdict.

While numerous issues are raised on this appeal, the following is dispositive: What is the effect of dismissal of a cause of action for compensatory damages upon a claim for punitive damages from the same defendant?

The circuit court denied defendants' motion for judgment notwithstanding the verdict made on various grounds, including there being no independent cause of action for punitive damages absent a cause of action for compensatory damages.

The motion for judgment notwithstanding the verdict should have been granted.

No cause of action, as such, exists for punitive damages. "[T]he rule is well established in this state that a claim for punitive damages alone is not sufficient to support a cause of action. There must be a showing of some actual injury which would justify an award of actual or compensatory damages before punitive damages may be awarded." *Hanson v. Valdivia,* 51 Wis.2d 466, 474, 187 N.W.2d 151 (1971), holding that where a cause of action for compensatory damages did not pass to the estate of the wronged party, the estate "cannot have any cause of action for punitive damages alone."

The principle is illustrated by the law that no person has a right to punitive damages. That is the reason the refusal by a jury to award punitive damages is not reviewable. The assessment of punitive damages "lies entirely in the discretion of the jury, not in any right of the one wronged. Even though the evidence may sustain

exemplary damages, still if the jury does not award them, it is not error." *Malco v. Midwest Aluminum Sales,* 14 Wis.2d 57, 63, 109 N.W.2d 516 (1961) (footnote omitted). A jury award of punitive damages can never be unreasonably low. Ghiardi, *Punitive Damages in Wisconsin,* 60 MARQ. L. REV. 753, 765 (1977).

*Widemshek v. Fale,* 17 Wis.2d 337, 340, 117 N.W.2d 275 (1962), states, "With respect to punitive damages, we have held that actual damage must have been suffered before an award of punitive damages can be given." (Citations omitted.) *Widemshek* should not be read as creating a cause of action for punitive damages and as allowing the recovery of punitive damages merely on a showing of actual damages. The plaintiff pleaded two "causes of action" in *Widemshek* against the same defendant, one for compensatory damages and the other for punitive damages. The circuit court dismissed the first because the plaintiff could not maintain that cause of action and dismissed the second because the first was dismissed. The supreme court affirmed this disposition. It is clear from *Widemshek* that the "cause of action" for punitive damages could not stand unless a cause of action for compensatory damages existed.

We therefore understand the law to be that no cause of action exists for punitive damages, but if a cause of action exists for compensatory damages and if those damages are not merely nominal,[3] then the jury may award punitive damages if otherwise justified by the circumstances. Hence, actual damages—damages which are more than merely nominal—are insufficient to support an award of punitive damages if a cause of action

---

[3] *See Barnard v. Cohen,* 165 Wis. 417, 418, 462 N.W. 480 (1917), and cases cited.

for compensatory damages does not exist, for whatever reason.[4]

*Hilbert v. Roth,* 395 Pa. 270, 149 A.2d 648 (1959), is in point. Plaintiff sued joint tort-feasors, one for compensatory damages and the other for compensatory and punitive damages. Trial was had on the action against the first tort-feasor, resulting in a judgment for plaintiff for compensatory damages which was satisfied. The court held that plaintiff's cause of action for compensatory damages against the remaining joint tort-feasor was discharged. Plaintiff argued he could nevertheless continue against the remaining joint tort-feasor for punitive damages. The court noted that punitive damages may not be awarded where actual damages have not been suffered and held,

In this case actual damage has been suffered but none for which plaintiff can now bring action against Roth. The right to punitive damages is a mere incident to a cause of action—an element which the jury may consider in making its determination—and not the subject of an action in itself. Hence, since plaintiff no longer has a cause of action of which his claim for punitive damages may be an element, that claim must fail. *Hilbert v. Roth,* 149 A.2d 648, 652 (citations omitted).

As plaintiff had no cause of action for compensatory damages at the time of trial against CMI or Advance, he may not be awarded punitive damages against those defendants.

---

[4] *Compare Restatement (Second) of Torts* sec. 908, comment c at 465 (1979), to the effect that an award of nominal damages is enough to support a further award of punitive damages and that "Compensatory damages in a trifling amount and substantial punitive damages in the same verdict are not necessarily inconsistent. It is essential, however, that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action."

142

*By the Court.*—The judgments against Commercial Mechanisms, Inc. and Advance Machine Co. are reversed and vacated. The matter is remanded for entry of judgment dismissing the complaint against those defendants.