JUDGE I-IARDIN
delivered tiie opinion oe the court:
About the 26th day of May, 1863, G. M. Huggins, a practicing physician, residing in Lyon county, was arrested by one William Todd, commanding a squad *193 of soldiers in the service of the United States, and taken to Smithland, Kentucky, and thereafter held as a prisoner in various jails and military prisons in Kentucky and Tennessee, till late in the month of August, 1863, when he was released and allowed to return to his home, much enfeebled and impaired in health.
On the 12th day of August, 1864, he commenced this action against the appellee, L. W. Toler, alleging that he was arrested and imprisoned as aforesaid in consequence of the appellee having represented to Todd, in substance, that he had said exultingly that the Federal General Hooker had been defeated by the Confederate army, and he was glad of it; and this representation was false, and made for the purpose of causing his arrest and imprisonment.
The appellee, in his defense, relied on the statute of limitations, and a general denial of the alleged facts constituting the cause of action.
A trial having resulted in a verdict and judgment for the plaintiff of one cent only, he appealed to this court, and having since died, the appeal has been revived, and is now prosecuted by his administrator.
Several questions are presented, which we will consider and dispose of in the order in which they seem to arise upon the record.
1. It is insisted for the appellee that the action was of the class of actions which cease with the death of the party, and that the order of revivor in this court was unauthorized; and in support of this view we are referred to the tenth chapter of the Revised Statutés, which provides: “ That no right of action for personal injury, or injury to real or personal estate, shall cease or die with the person injured, except actions for assault and battery, slander, criminal conversation, and so much of *194 the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those excepted, an action may be brought or revived by the personal representative, or against the representative, heir, or devisee, in the same manner as causes of action founded on contracts.”
We do not regard this as an action of slander, as suggested for the appellant, but it is founded on the alleged wrong of the appellee in instigating and procuring the unlawful arrest and imprisonment of Huggins, and does not fall within either of the excepted classes of actions named in the foregoing chapter, and was therefore properly revived.
2. Nor was the action barred by limitation. Being for an injury to the person of the plaintiff, it is embraced by section 3, of article 3, chapter 63, of the Revised Statutes, and should have been commenced within one year next after the cause of action occurred. But although more than one year appears to have elapsed from the arrest and imprisonment of Huggins before the action was commenced, as his imprisonment was continued until near the end of the month of August, 1864, and within one year next before the commencement of the action, if, as charged, the appellee at first caused the arrest and imprisonment, he was liable for each day such imprisonment was continued, and the statute did not bar the action as to the injury sustained within one year next before the action was commenced.
3. On the trial John W. Bush, a witness for the defendant, was allowed to prove the oral statements of a military officer, made at Smithland, when deciding to detain Huggins as a prisoner, as explaining the officer’s reasons for his decision. This testimony was objected to, and the court having overruled the objection, Huggins excepted *195 to the ruling of the court in admitting it. It seems to us to have been but hearsay evidence, and incompetent, and that the court erred to the plaintiff's prejudice in admitting It.
4. The following instruction given for the appellee was objected to by the plaintiff: “ The court, at the instance of the defendant, instructs the jury that if they believe, from the evidence, that all that Toler did was to respond to questions propounded to him by Todd, and to give testimony at Smithland under orders to do so, the law is for defendant, though they may believe plaintiff did not use the language about Hooker’s defeat, as witness stated.”
However false and malicious may have been Toler’s statements to Todd, or before the officer at Smithland, this instruction in effect excuses him, provided such statements were made in answer to Todd’s questions, or as testimony at Smithland under orders to testify before the officer.
It seems to us, on the contrary, that the mere circumstance of having made the statements under interrogation, or as a witness, formed no excuse for Toler, if his statements were knowingly false and intended by him to cause the arrest and imprisonment of Huggins; and the instruction was therefore erroneous and unauthorized.
Therefore, the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.