CASE 28—PETITION ORDINARY—NOVEMBER 6.

## Johnson's Administratrix v. Haldeman, Etc.

APPEAL FROM LAUREL CIRCUIT COURT.

1. SLANDER AND LIBEL—SURVIVAL OF RIGHT OF ACTION—STATUTORY CONSTRUCTION.—The word "slander" as used in section 10 of the Kentucky Statutes embraces libel and all kinds of defamation; and therefore under its provisions the right of action for a libel does not survive the death of the plaintiff.

R. D. HILL, FOR APPELLANT.

1. The word "slander" does not embrace libel. Ky. Statutes, Sec. 1661 and 2516; Civil Code, Secs. 123 and 124; Townshend on Slander and Libel, chap. 1.

F. HAGAN, FOR APPELLEE.

1. The word slander as used in the statute embraces libel; one may be slandered by words spoken, or by words written. Bacon's Abridgement Title Slander. *Espinasse Nisi Prius*, vol. 2, page 496 and page 503; Folkard's Starkie on Libel and Slander, pp. 3 and 5; Buller's *Nisi Prius*, 1; Hilliard on Torts, sec. 2, chap. 8; 2; Kent, 16; Townshend, 68; Lord Holt on Libel, 225; Lord Bathhurst's *Nisi Prius*, vol. 1, page 3.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The only question in this case is whether an action for libel survives the death of the plaintiff. Appellees were sued by Andrew Johnson for publishing an alleged libel against him. Before trial he died, and his administratrix moved the court to revive the action in her name. This the court refused to do, holding that the action was embraced by

the provisions of section 10 of the Kentucky Statutes, under the word, "slander." By that section actions for slander do not survive. As libel is not named in that section, the question is, does the word "slander" embrace libel? The word slander is the general and original word for all kinds of defamation. One can be defamed by words spoken, words written, or by signs or pictures, and when so defamed it is called slander; and the word slander in the statute, we think, was intended to embrace all these varieties of defamation. There is nothing in the statute which shows that the word was intended to be limited in its meaning to oral slander. Webster defines slander as defamation generally, whether oral or written; but goes on to say that in modern usage it has been limited to defamation by words spoken. Bacon's Abridgement says: "Slander is the publishing of words in writing or by speaking, by reason of which the person to whom they relate becomes liable to suffer some corporal punishment." Espinasse's *Nisi Prius*, 496, says, in regard to the action of slander: "Slander is the defaming a man in his reputation by speaking or writing words from whence any injury in character or property arises, or may arise to him of whom the words are used, and may be committed, first, by words, second, by writing (which is called libel); third, by picture or representation of that sort." Folkard Starkey says: "The term slander was formerly used to embrace written as well as oral defamation." Kent, volume 2, page 16, draws the distinction between spoken and written slander, treating the word slander as comprehensive enough to embrace both oral and written defamation. It has never been the policy of the law to keep alive actions of this character after the death of the plaintiff.

For the reasons indicated the judgment of the lower court is affirmed.