### Gross' Admr. v. Ledford.

(Decided February 18, 1921.)

Appeal from Fleming Circuit Court.

Husband and Wife—Alienating Affections.—An action or cause of action for alienation of the affections of a spouse does not survive the death of the party injured or injuring.

C. W. FULTON and JOHN P. McCARTNEY for appellant.

B. S. GRANNIS and O. R. BRIGHT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

This was an action by Chas. C. Gross against the appellee, James Ledford, to recover damages for the alleged alienation of the affections of the wife of Gross, and the consequent desertion of him, whereby he lost the benefits of her affections, society and assistance as a wife, or in other words, was wrongfully deprived by the malicious acts of appellee of his conjugal rights, which are denominated in the phrase of the ancient common law as *consortium*. There was no averment in the petition of any criminal conversation with the wife, and hence it was purely an action for alienating the affections, and the consequent enticement of her away from her husband. After instituting his action, and before the trial or a judgment, Gross died and his administrator, as his personal representative, sought to have the action revived and to prosecute same as such representative. This the circuit court denied, holding that the action did not survive, but abated with the death of the injured husband and dismissed the petition, and from the judgment this appeal is prosecuted by the personal representative, and the only question for decision is whether such an action survives the death of the party who has received the injury upon which it is based, and the answer to this question necessarily depends upon whether or not the cause of action stated in the petition survives the death of the complaining party.

At the common law, whether an action survived the death of one of the parties depended upon the nature of the action and the damages sought, and not upon the form of the remedy, and according to the principles of

the same law all actions and causes of action for injuries to the person, which were founded upon torts, died with the person. Cowan v. Campbell, 17 B. M. 522; Hawkins v. Glass, 1 Bibb. 46; Lynn v. Sisk, 9 B. M. 135. A modification of the doctrine that an action founded upon a tort did not survive, was made by act of the General Assembly in 1797, but this act was held not to extend to or to embrace the right to revive actions for personal injuries. Kennedy v. McAfee's Extrx. 1 Litt. 170. The action for damages for the alienation of the affections of the complainant's wife whether in form of the ancient action of trespass *vi et armis* or in the almost as ancient form of *trespass on the case,* it was an action for a personal injury founded upon a tort, and for damages suffered by the person, and hence according to the common law such a cause of action, as well as such an action pending and undetermined, dies with the injured party, or with the one having done the injury, unless it survives by reason of section 10, Ky. Stats., which was originally enacted in 1812. That statute provides as follows:

"No right of action for personal injury or injury to real or personal estate shall cease or die with the person injuring or injured, except actions for assault, slander, criminal conversation and so much of the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those excepted, an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded upon contract."

It will be observed that the statute does not provide that any particular remedy for a personal injury shall survive, but the right or cause of action for a personal injury shall survive, except for injuries which arise from assault, slander, criminal conversation and so much of the cause of action for malicious prosecution as entitled a recovery for injury to the person. The excepted rights of action died with the person injuring or injured and the statute was evidently enacted in contemplation of the common law doctrine that the survival of the cause of action depended upon the nature of the action and the damages sought, and not the form of the remedy. The question involved here does not, of course, have any reference to the various causes of action which are given by statutes to the widows, children and personal repre-

sentatives of persons, who are killed by wrongful or negligent acts, for damages for the deaths of such persons, nor does it have any reference to actions for torts which are founded upon contracts and grow out of the contractual relations between the parties.

Section 10, Ky. Stats., has been construed in several decisions of this court when applied to certain states of facts, but the exact question for decision in this case has not heretofore been determined or considered by this court, and decisions in other jurisdictions, upon the subject of a survival of the cause of action here insisted upon, have been controlled by the particular statutes in force upon the subject in those jurisdictions, and hence are not authorities here, but some assistance may be had by analogy from the previous decisions of this court concerning the statute when applied to other states of fact. In the construction of this statute, the same rules should be controlling as in the construction of any other statute, the chief among which is to give to it the meaning and effect which the legislature intended that it should have. Doubtless with this view, although the statute provides that an action or cause of action for assault only shall not survive, this court has unhesitatingly included in the exception ''action for assault'' any cause of action for a battery or assault and battery done with the intention to do violence, as well as for assault and the latter term has been treated as if it was assault and battery. Shields v. Rowland, 151 Ky. 136; Anderson v. Arnold, 79 Ky. 370; Lewis v. Taylor Coal Co., 112 Ky. 845; Winnegar v. C. P. Ry. Co., 85 Ky. 547. The foregoing has been done, although there could be no difficulty in drawing a distinction between an assault and a battery, but, of course, a cause of action for a battery could not exist without including the fact of an assault, and an absurd meaning would have to be given to the statute if it should be held that under its terms a cause of action, for a mere assault, should die with the death of one of the parties, while the cause of action for the battery which followed the assault, should survive. A cause of action for a libel, according to a literal reading of the statute, survives, while a cause of action for slander dies with one of the parties. An essential element constituting the cause of action for libel is that the defamation be written or exhibited by pictures or otherwise published, and language when written may be the basis of an action for libel, when if spoken would

not amount to a slander and the party uttering it would be immune from damages. Spoken words, alone, technically make a basis for an action for slander. Yet, in Johnson v. Haldeman, 102 Ky. 163, it was held that an action for libel did not survive, and that it was the legislative intent to except from the operation of the statute, by use of the word slander, the causes of action for injuries to character incurred from the use of any defamatory language, either spoken or written. The gravamen of the cause of action is injury to the reputation, in either libel or slander, and the measure of damages is the same in either action. The opinion in Huggins v. Toler, 1 Bush 193, is referred to as holding contrary to the doctrine, as deduced from the above cited cases, in that it was an action for causing an unlawful arrest and imprisonment, and it was held that the cause of action survived. The latter opinion, however, does not militate against the doctrine to be deduced from Johnson v. Haldeman, *supra,* although it is true in an action for malicious prosecution, damages may be recovered for wrongful arrest and imprisonment, if such has occurred, the same as in an action for false imprisonment, but in an action for malicious prosecution other damages may, also, be recovered besides those for the personal injury, and the causes of such action survive, while those for injury to reputation and for mental agony, and other personal injuries die. Huggins v. Toler, *supra,* was in fact an action upon the case for malicious prosecution and the question before the court for decision was whether the action should be revived, which the court adjudged was proper, but did not thereby decide that all the various elements of damages sought should or could be prosecuted to a recovery.

An action by the husband for damages for the alienation of the affections of his wife is of the same nature and genus as an action for criminal conversation with her, just as an action for assault and an action for a battery are of the same nature, and as an action for libel and one for slander are of the same genus. The actions for alienations of affections and for criminal conversation are so nearly of kin that a plaintiff may embrace and rely upon both in the same petition against a defendant. Civil Code, section 83; Merritt v. Cravens, 168 Ky. 155. They are, however, in judicial procedure, two distinct remedies, but the purpose of the prosecution of each is the same

and that is to recover damages for the loss of the affections, society and aid of the wife, the *consortium* of the common law. Scott v. O'Brien, 129 Ky. 1; Kibbie v. Rucker, 1 A. K. M. 391; 21 Cyc. 1617, 1623; Merritt v. Cravens, *supra.* The measure of damages and the only basis upon which damages may be recovered in each action, are the same. They are alike in being actions to recover damages for personal injuries—not physical injuries to the person but injuries suffered by one on account of something having occurred to or with regard to another, and consists of the loss of *consortium,* mental agony and humiliation on that account. As the actions for libel and slander are remedies for one object, and that is reparation for defamation of character, so the actions for alienation of affections and criminal conversation can be maintained for one purpose only, and that is to recover damages for the loss of *consortium* of the spouse. The latter actions are no more unlike in character than actions for libel and slander are unlike each other. The distinction between an action for alienation of affections and an action for criminal conversation is, that to sustain the former it is not necessary to allege or prove any criminal conversation with the spouse, so that it becomes necessary in order to sustain the action that there be evidence that the defendant, by words or acts, with an evil intent, has alienated the affections of the spouse, resulting to the complainant in the loss of his or her society, aid and assistance as a spouse. While to sustain the latter action it is necessary to allege and prove acts of adultery by the spouse and the defendant, and when such is proven, it is sufficient to support the action, as the loss of *consortium,* and the evil intent of the defendant will be presumed. In the action for the alienation of affections, however, although evidence of adulterous conduct of the spouse and the defendant is not necessary to sustain the action, proof of such conduct may be made as evidence, tending to show the alienation of affections and in aggravation of damages. A judgment in one of the actions for damages for loss of *consortium* would bar an action for the same loss in the other action. If it were held that a cause of action for alienation of affections survives the death of the party injuring or injured, although the statute says that a cause of action for criminal conversation shall not survive after the death of one of the parties, an action for alienation of affections could be maintained and proof of

adultery with the spouse could be given in evidence to support the charge of alienation of affections and to aggravate the damages, and thus the statute would be rendered without effect and substantially meaningless. It is difficult to conclude that the legislature intended such an abortive result. Hence, we conclude for the reasons given, that an action for the alienation of the affections of a spouse being of the same character, and the damages and the basis of their recovery the same, as in an action for criminal conversation, and being in reality a lesser injury, the essential facts constituting it being in almost every instance in existence in the latter, the legislature intended by the exception of criminal conversation, to include within it an action for the alienation of the affections.

Judge Newman, in his work upon pleadings, arrives at the conclusion that personal injuries suffered by reason of the violation of relative rights do not survive. Section 174b, of his work, discussing the effect of our statutes relating to the survival of actions, is as follows:

"Although these statutes mention the action crim. con. as one, which dies with the person and omit or fail to mention seduction or any other of the injuries, which may be done to the relative rights of the person, yet as the statute by its terms provides only, that such actions as are for injuries to the person or to real or personal estate, shall survive, an action for seduction, or for enticing away an infant child or servant or apprentice, and all actions for injuries to the relative rights of the person only, it would seem must die with the person." An action for alienation of the affections being of that class of injuries, which occur to the relative rights of the person, according to the view of Mr. Newman would not survive. In this contention, he is supported by the decisions of the courts in several states, which have statutes providing that actions for personal injuries, or words of similar import, shall survive. In those jurisdictions, it has been held, that a personal injury, within the meaning of those statutes, is an injury suffered by the person of one—such as is caused by some physical force—as distinguished from an injury through a violation of a relative right. Billingsley v. St. Louis, etc. Ry., 84 Ark. 617; Davis v. Nichols, 54 Ark. 358; Hey v. Prime, 197 Mass. 474; Norton v. Sewall, 106 Mass. 143; Lehman v. Farwell, 95 Wis. 185. While our statute, section 10, *supra,* is

somewhat different in its terms from the statutes in force in the jurisdictions wherein the cases cited occurred, those cases are persuasive of the soundness of the conclusion arrived at in this case, and as demonstrating the reluctance of the courts to depart from the ancient rule, which held that personal actions for torts do not survive, and to confine such as do survive, by reason of the statutes, strictly within the reason and meaning of such statutes.

The judgment is therefore affirmed.