FENSTERMACHER *v.* INDIANAPOLIS TIMES PUBLISHING COMPANY, INC.

[No. 15,338. Filed May 11, 1936.]

*Fenstermacher, McCarthy & Richards,* for appellant.
*Jacob Weiss* and *Ezra Weiss,* for appellee.

CURTIS, C. J.—This was an action for libel upon the second amended complaint of the appellant against the appellee. The court on its own motion dismissed the cause of action over the objection of the appellant. The order and judgment of the court in that respect is as follows: "Comes now the parties in the above entitled cause of action, and the court being duly advised in the premises now dismisses plaintiff's cause of action, for lack of jurisdiction of the subject-matter upon the court's own motion to which ruling the plaintiff at the time objected and excepted, and further objected and excepted to the dismissal of said cause of action. The court now renders judgment against the plaintiff for costs."

It is from that judgment that this appeal was prayed and perfected, the error assigned being that:

"1. The court erred in sustaining its motion to dismiss the cause of action on account of lack of jurisdiction of the subject-matter.

"2. The court erred in dismissing the cause of action on its own motion."

No useful purpose would be accomplished in setting out the said second amended complaint for the reason

that the sole question for determination in this appeal is whether or not the trial court had jurisdiction of the subject-matter of libel. If it had such jurisdiction then its judgment is erroneous and if it did not have such jurisdiction then the judgment should be affirmed.

The action was in the Superior Court of Marion County, Indiana. That the court is a statutory or legislative court as distinguished from a constitutional court and therefore its powers are derived from the statute creating it. It was created by the legislature in 1871, see Acts 1871, Chapter 22, section 10 (sec. 1536, Burns 1926, §4-1411, Burns 1933, §1604, Baldwin's 1934). The pertinent portion of the said creating act is as follows: "Said court, within and for the county or counties in which it may be organized, shall have original concurrent jurisdiction with the circuit court in all civil causes except *slander* . . ." (our italics). Article 7, section 1, of the constitution of Indiana by the authority of which the legislature acted in creating the said court provides that "The Judicial power of the State shall be vested in a Supreme Court, in Circuit Courts, *and in such inferior courts* (our italics) as the General Assembly may establish."

It is to be noted that in the said act creating the Superior Court of Marion County jurisdiction in *slander* cases was withheld from that court. The exact question presented in this appeal is this: In what sense did the legislature in 1871 use the word "slander." Did it use said word in its generic sense which would include "oral slander" and "written slander" or did it use the word in the limited sense of "oral slander." The sense in which the word was used must be determined as of the time when it was used by the legislature, to-wit, in 1871. We cite the following cases and authorities, all of a time previously to 1871, in which the word slander was used in generic sense

as including "oral slander" and "written slander." *Clarkson* v. *McCarthy* (1841), 5 Blackford 574; *Rice* v. *Simmons* (1841), 2 Harrington (Del.) 417, 31 Am. Dec. 766. We also quote from 17 R. C. L., p. 263, as follows: "The term slander was formerly used to include both libel and slander, as those terms are now understood. Hence, slander was defined as any false or malicious and personal imputation effected by writings, pictures or signs and tending to alter the parties' situation in society for the worse. If it was desired to make any distinction between the two, one was spoken of as written slander and the other as spoken slander." It is true that in some of the decisions at or near 1871 the words slander and libel were distinguished and it is also true that in some of the cases as late as 1897 the word slander was used in the generic sense to include libel. See *Johnson's Admx.* v. *Haldeman* (1897), 102 Ky. 163, 43 S. W. 226. Our conclusion is that the legislature in the said act creating the Superior Court of Marion County used the word slander in its generic sense which includes the word libel. Both words arise out of a defamation and while we now use the words in their more limited sense, yet we see no reason for holding that the legislature in 1871 intended to give jurisdiction in the one case and to withhold it in the other.

It is elementary that it is the duty of a court to refuse to entertain jurisdiction of a cause when it becomes apparent that it does not have jurisdiction. See *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109, and cases cited therein. There was no error in the action of the trial court in dismissing the cause of action of the appellant on the court's own motion. No error having been shown, the judgment is affirmed.