**Anthony GRUNDY et al., Appellants,**

**v.**

**MANCHESTER INSURANCE & INDEMNITY COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 8, 1968.

Lawrence S. Grauman, Joe G. Leibson, Louisville, for appellants.

James Levin, Ben Hanish, Hanish & Hanish, Louisville, for appellee.

Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, amici curiae.

DAVID C. BRODIE, Special Commissioner.

Anthony Grundy, the plaintiff and appellant, recovered judgment against the insured, Carl E. Weaver, in the sum of $20,000 for injuries sustained. The defendant-appellee, Manchester Insurance & Indemnity Company, was the insurer under Weaver's policy with a $10,000 limit.

Grundy brought suit to recover the excess from Manchester alleging that Manchester was guilty of bad faith in negotiating with Grundy to settle his claim.

Grundy, by amendment, pleaded an assignment from Weaver to Weaver's rights against Manchester. The trial judge decided that Grundy had no claim in his own right against Manchester and further decided that Grundy, by assignment, had no claim against Manchester. The trial court dismissed the complaint.

The trial court cites Turk v. Illinois Central Railway Company, D.C., 193 F. 252, to the effect that a cause of action for tort is not assignable. While this rule is sound Kentucky law, it is not deemed applicable to the case at bar.

The argument is made that assignability of causes of action in Kentucky depends upon whether or not said causes of action are survivable under the Kentucky statute. The common law as to survival of actions has been modified in Kentucky to an extent by the terms of KRS 411.140. The proper interpretation of that statute is decisive of the question as to whether or not this cause of action is assignable. It is observed that the statute itself excludes from its terms causes of action founded on contract. This statute was construed by this court in Gross' Adm'r v. Ledford, 190 Ky. 526, 228 S.W. 24, 25, 14 A.L.R. 689, as follows:

"[N]or does it have any reference to actions for torts which are founded upon contracts and grow out of the contractual relations between the parties."

It is our decision that the cause of action assigned in this case is founded upon the insurance contract and grew out of the contractual relationship between the insurance company and the insured.

 The appellants' action herein is based on a contractual obligation founded on the insurance contract. There is an implied covenant in the insurance policy issued by Manchester of good faith and fair dealing. This implied covenant was a contractual duty to exercise good faith to protect the insured from the risk of having a judgment rendered against him greatly in excess of the limits of the policy. Under the terms of the policy, the insurer alone had the right and power to settle. 3 Williston Contracts, § 670, 1926 (rev. ed. 1936).

1 Am.Jur.2d, Abatement, Survival and Revival, § 65, states in part:

"§ 65. —Tort actions found on contracts.

"At common law, a cause of action nominally in tort, but founded on a contract, survives. In other words, a cause of action founded on a contract will survive although the form of the action is in tort instead of in contract, for the test is not so much the form of the action as the nature of the cause."

See also Jones v. Matson, 4 Wash.2d 659, 104 P.2d 591, 134 A.L.R. 708.

Although it is felt that Kentucky law specifically controls the answer to the question of assignability in this case, reference is made to an annotation on this subject in 12 A.L.R.3d at page 1158ff.

In State Farm Mutual Automobile Insurance Company v. Marcum, Ky., 420 S.W.2d 113, the question of assignability was alluded to but was considered as moot.

The U. S. District Court in Kentucky upheld the right of the plaintiff to recover against the insurer where the insurer has been guilty of bad faith. Lemons v. State Automobile Mutual Insurance Company, 171 F.Supp. 92.

The assignment to Grundy from Weaver transferred to Grundy such rights as Weaver had against Manchester. The judgment of the trial court dismissing plaintiff's complaint is reversed and remanded with directions to hear evidence and try on the merits the question of possible liability of Manchester on its refusal to pay the policy limits.

All concur.