PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LEONA BREWER, as Personal
Representative of the Estate of
EDWARD ROSE, deceased,
            *Plaintiff-Appellant,*

v.

NATIONAL INDEMNITY COMPANY, a
Nebraska Corporation; W. E.
KINGSLEY COMPANY, a Kentucky
Corporation,
            *Defendants-Appellees,*

and

JOE MAYNARD; NORMA JEAN
MAYNARD and GREGORY MAYNARD,
d/b/a Maynard's Wrecker Service;
DENISE M. GAUZE, as Executrix of
the Estate of HERBERT MAYNARD,
d/b/a Maynard's Used Auto Parts;
JOE A. YOUNG; JOE A. YOUNG
INSURANCE AGENCY, INC., a Kentucky
Corporation; DEBORAH L. HANSHAW,
            *Defendants,*

and

NATIONWIDE MUTUAL INSURANCE
COMPANY; EMILY HOWELL; MANUUEL
ROSE; RHONDA MESSER,
            *Parties in Interest.*

No. 03-1531

LEONA BREWER, as Personal
Representative of the Estate of
EDWARD ROSE, deceased,
                  *Plaintiff-Appellant,*

                  v.

NATIONAL INDEMNITY COMPANY, a
Nebraska Corporation; W. E.
KINGSLEY COMPANY, a Kentucky
Corporation,
                  *Defendants-Appellees,*

                  and

JOE MAYNARD; NORMA JEAN
MAYNARD and GREGORY MAYNARD,          No. 03-1696
d/b/a Maynard's Wrecker Service;
DENISE M. GAUZE, as Executrix of
the Estate of HERBERT MAYNARD,
d/b/a Maynard's Used Auto Parts;
JOE A. YOUNG; JOE A. YOUNG
INSURANCE AGENCY, INC., a Kentucky
Corporation; DEBORAH L. HANSHAW,
                  *Defendants,*

                  and

NATIONWIDE MUTUAL INSURANCE
COMPANY; EMILY HOWELL; MANUEL
ROSE; RHONDA MESSER,
                  *Parties in Interest.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Elizabeth V. Hallanan, Senior District Judge.
(CA-02-48-2)

Argued: January 22, 2004

Decided: March 24, 2004

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Published Order of Certification to the Supreme Court of Kentucky. The Order of Certification was prepared by Judge King and entered by Judge Motz, as the Judge presiding, with the concurrences of Judge King and Judge Duncan.

---

**COUNSEL**

**ARGUED:** Jennifer Sue Fahey, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellant. Anita Rose Casey, MAC-CORKLE, LAVENDER, CASEY & SWEENEY, PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:** Brian A. Glasser, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellant.

---

**ORDER OF CERTIFICATION TO THE
SUPREME COURT OF KENTUCKY**

This Court, exercising the privilege afforded by the Commonwealth of Kentucky pursuant to Kentucky Rule of Civil Procedure 76.37 (entitled "Certification of question of law"), hereby requests the Supreme Court of Kentucky to exercise its discretion to answer a certified question of law in this cause. The answer to this certified question may be determinative of the cause now pending before this Court; Kentucky law is applicable thereto; and there is no controlling precedent in the decisions of the Supreme Court of Kentucky or the Court of Appeals of Kentucky.[1] Pursuant to Rule 76.37(3), this Order of Certification sets forth the following:

    (a)   Question of law;

---

[1]The privilege afforded by Rule 76.37 is invoked on this Court's own motion. *See* Ky. R. Civ. P. 76.37(2).

(b)    Statement of relevant facts and nature of the contro-
versy;

(c)    Names of appellant and appellees; and

(d)    Names and addresses of counsel.

(a)    *Question of Law*

The question of law being certified (the "Question") is as follows:

Whether a fiduciary may maintain an action against an
insurer for negligently underinsuring its insured, where the
fiduciary, the insurer, and the insured have executed an
agreement in which:

(1)    the fiduciary settled a wrongful death claim
against the insured for the maximum limit of
the insurance policy, which the insurer
agreed to pay to the fiduciary in consider-
ation for the insured's release;

(2)    the insured assigned to the fiduciary the right
to pursue its claim that the insurer negli-
gently underinsured its insured; and

(3)    the insurer agreed to litigate with the fidu-
ciary the claim that it negligently underin-
sured its insured.

(b)    *Statement of Relevant Facts and Nature of the Controversy*

(i)

On November 29, 2001, Edward Rose, a West Virginia resident,
was involved in an accident while operating a Ford Mustang automo-
bile on Route 52 in Mingo County, West Virginia. Rose's automobile
collided with a 1999 Ford Rollback truck operated by Joe Maynard,
a resident of Kentucky. Maynard was employed by a Kentucky busi-

ness known as Maynard's Wrecker Service or as Maynard's Used Auto Parts, and he was acting in the scope of such employment when the accident occurred. Maynard's negligence proximately caused the accident, which resulted in Mr. Rose's death. J.A. 92-96.[2]

The Ford Rollback truck operated by Maynard was a commercial vehicle insured by National Indemnity Company, a Nebraska corporation ("National Indemnity"). National Indemnity provided liability coverage on the Ford vehicle in the maximum sum of $100,000, pursuant to its policy No. 70TRE673998 (the "Policy"). The Policy was issued in Kentucky on July 31, 2001, in the name of Norma Jean Maynard DBA: Maynard's Wrecker Service, P.O. Box 869, Inez, KY 41224. J.A. 51, 81.

(ii)

On December 17, 2001, Leona Brewer, the Administratrix of the Estate of Edward Rose, deceased, initiated a civil action against Joe Maynard and Joe Maynard, d/b/a Maynard's Wrecker Service, Civil Action No. 01-C-363, in the Circuit Court of Mingo County, seeking damages for Mr. Rose's death.[3] On January 18, 2002, this civil action was removed to the United States District Court for the Southern District of West Virginia, at Charleston, and it was filed in the district court as Civil Action No. 2:02-0048.

On July 10, 2002, Brewer filed an amended complaint in the district court, naming as additional defendants Norma Jean Maynard and Gregory Maynard, d/b/a Maynard's Wrecker Service; Denise M. Gauze, as Executrix of the Estate of Herbert Maynard, d/b/a Maynard's Used Auto Parts; and National Indemnity, among others.[4] J.A.

---

[2]The "J.A." citations utilized in this Order of Certification refer to the Joint Appendix filed in this Court by the parties to this appeal. *See* Fed. R. App. P. 30.

[3]On December 17, 2001, Brewer was appointed as Administratrix of the Estate of Edward Rose, deceased, by the Clerk of the County Commission of Mingo County, West Virginia. J.A. 99.

[4]In this Order of Certification, the defendants Joe Maynard, Norma Jean Maynard, Gregory Maynard, Denise M. Gauze, Maynard's Wrecker Service, and Maynard's Used Auto Parts, are collectively referred to as "the Maynards."

27. In Count I of the amended complaint, Brewer alleged a wrongful death claim against the Maynards (the "Death Claim"). In the amended complaint's Count II, Brewer alleged that National Indemnity had negligently breached its duty to provide the Maynards with the minimum amount of commercial liability insurance coverage mandated by 49 C.F.R. § 387.303 (the "Coverage Claim"). Under the terms of 49 C.F.R. § 387.303, freight vehicles of 10,001 pounds or more that carry non-hazardous property in interstate commerce are required to be insured with the minimum coverage of $750,000. Contending that National Indemnity's negligence proximately caused the Maynards to be underinsured at the time of the fatal accident, the Coverage Claim sought to have the Policy modified to provide the minimum coverage of $750,000, as mandated by the federal regulations. On August 20, 2002, National Indemnity sought dismissal of the Coverage Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which Brewer opposed. J.A. 35.

While the motion to dismiss was pending, Brewer, the Maynards, and National Indemnity entered into a partial settlement agreement with respect to the pending civil action, entitled "Release and Settlement Statement" (the "Settlement Statement"). J.A. 155. Brewer executed the Settlement Statement in West Virginia on December 14, 2002, and it was executed in Nebraska by National Indemnity on December 19, 2002. Joe Maynard, Norma Jean Maynard, and Denise M. Gauze executed the Settlement Statement in Kentucky on January 6, 2003, and it was executed in Kentucky by Gregory Maynard on January 13, 2003. J.A. 159-61.

Pursuant to the Settlement Statement, National Indemnity, on behalf of the Maynards, agreed, inter alia, to partially compromise the Death Claim by "pay[ing] the $100,000 limits of the Policy [to Brewer] in exchange for a release of the Maynards."[5] J.A. 155. National Indemnity also agreed to further litigate the Coverage Claim

---

[5]With respect to the release of the Maynards, Brewer agreed to "seek satisfaction of the Settlement in the amount of $100,000 from National Indemnity." Further, Brewer agreed that, to the extent that "any other liability insurance proceeds are adjudicated to be available" for the Death Claim, she would seek recovery "only from an entity other than the Maynards." J.A. 156.

with Brewer. J.A. 155. The Settlement Statement provided, in one of its Whereas clauses, that National Indemnity "has agreed to litigate further with [Brewer] her claim that the Maynards were required by law to carry greater liability limits in the amount of $750,000 and that National Indemnity . . . should have so advised and insured the Maynards." J.A. 155.

The Settlement Statement, in its Section III, also provided, in pertinent part:

### Assignment to Administratrix of the Maynard's Rights for Indemnification and Other Claims Arising from the Failure to Provide Federal and State Minimum Coverage Under the Policy

The Maynards hereby assign and transfer to [Brewer] all rights and causes of action for indemnification which the Maynards may have under the Policy purchased from National Indemnity . . . and W.E. Kingsley Company, as said Policy may apply to the claims asserted by [Brewer] against the Maynards in Civil Action No. 2:02-0048 whether under the terms of the policy, contract or by operation of law.

The Maynards further assign and transfer to [Brewer] all rights and causes of action which the Maynards may have against National Indemnity . . . and W.E. Kingsley Company for extracontractual, statutory or common law liability arising out of the claim that National Indemnity . . . and W.E. Kingsley Company or any other entity allegedly failed to provide federal and state minimum limits of coverage as asserted by [Brewer] in Civil Action No. 2:02-0048.

J.A. 157-58.

On January 17, 2003, four days after the last party thereto executed the Settlement Statement, Brewer filed her second amended complaint in the district court. The second amended complaint named W.

E. Kingsley Company ("Kingsley"), a Kentucky corporation, as an additional defendant to the Coverage Claim.[6] J.A. 92.

On March 4, 2003, both National Indemnity and Kingsley (hereinafter "National Indemnity" refers to both National Indemnity and Kingsley) moved the district court to dismiss the Coverage Claim, pursuant to Rule 12(b)(6). J.A. 103. In that motion, National Indemnity asserted that Brewer lacked privity of contract with National Indemnity and lacked standing to maintain and pursue the Coverage Claim.[7] J.A. 106. Brewer opposed the motion to dismiss, maintaining that she possessed privity with National Indemnity because the Maynards had, in agreeing to and executing the Settlement Statement, assigned to her their rights arising out of the Policy. By Memorandum Opinion and Order of March 28, 2003 (the "March Order"), the court dismissed the Coverage Claim for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. J.A. 125; *see Brewer v. Maynard*, No. 118 Civ. 2:02-0048 (S.D. W. Va. Mar. 28, 2003).

In dismissing the Coverage Claim, the district court concluded that, because Edward Rose lacked privity of contract with National Indemnity, Brewer lacked standing to pursue the Coverage Claim on the Estate's behalf. J.A. 130. In assessing the assignment made in the Settlement Statement, the court reasoned that, because it could not identify any authority supporting Brewer's position that she possessed privity of contract with National Indemnity "by 'stepping into the shoes' of the Maynards," it lacked subject matter jurisdiction over the claim against National Indemnity. J.A. 132-33.

On April 21, 2003, Brewer sought relief from the district court's March Order under Rule 60(b) of the Federal Rules of Civil Proce-

---

[6]With the second amended complaint, Brewer alleged that National Indemnity "and/or" Kingsley issued the Policy to the Maynards, and that National Indemnity "and" Kingsley negligently underinsured the Maynards. J.A. 94, 96.

[7]In moving to dismiss, National Indemnity also contended that the second amended complaint was defective because the Maynards did not utilize the 1999 Ford Rollback truck in interstate commerce. National Indemnity asserted that it consequently possessed no duty to ensure that the Policy satisfied the requirements of 49 C.F.R. § 387.303. J.A. 108.

dure, again asserting that the Settlement Statement provided her with standing to maintain and pursue the Coverage Claim. J.A. 134. Brewer also asserted, for the first time, that National Indemnity was equitably estopped from denying that she possessed standing because it had executed the Settlement Statement in exchange for a release of its insureds. J.A. 146. On April 25, 2003, Brewer filed a notice of appeal from the March Order. J.A. 164.

On April 29, 2003, National Indemnity sought entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, and requested a stay of the underlying action pending Brewer's appeal. On May 29, 2003, the district court, by Memorandum Opinion and Judgment Order (the "Judgment Order"), denied Brewer's request for Rule 60(b) relief, and it certified the March Order as a Rule 54(b) judgment.[8] J.A. 170. On June 9, 2003, Brewer filed a notice of appeal from the Judgment Order. J.A. 180. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

(iii)

In her appeal to this Court, Brewer maintains that the Maynards' assignment of the Coverage Claim to her, with the approval of National Indemnity, was permissible under both West Virginia and Kentucky law. National Indemnity, on the other hand, asserts that the Coverage Claim was not assignable under the law of either jurisdiction, and that the district court properly dismissed it. The Settlement Statement is silent on the issue of whether West Virginia or Kentucky law governs the Question. Consequently, we must, as an initial matter, apply West Virginia's choice-of-law rules to the issue of whether West Virginia or Kentucky law governs resolution of the Question.[9]

---

[8]In the Judgment Order, the district court did not address Brewer's contention that National Indemnity was equitably estopped from denying that she possessed standing because of the Settlement Statement. Brewer first raised this issue in her Rule 60(b) motion after entry of the March Order. Accordingly, that issue was not properly before the district court, and it is not properly before this Court. *See* Fed. R. Civ. P. 60(b) (authorizing relief from judgment or order only in limited circumstances not applicable here).

[9]In proceedings where there is no controlling constitutional provision or act of Congress, a federal court must apply the substantive law of the

Pursuant to West Virginia's choice-of-law rules, the law of the state "ha[ving] the most significant relationship to the transaction and the parties" governs the rights and duties of the parties with respect to an issue in contract in the absence of an effective choice by the parties. *See* Restatement (Second) of Conflict of Laws (the "Second Restatement") § 188 (1971); *Lee v. Saliga*, 373 S.E.2d 345 (W. Va. 1988) (utilizing Second Restatement approach and holding Pennsylvania law applicable in construing insurance policy because Pennsylvania possessed most significant relationship to transaction and parties). In determining whether West Virginia or Kentucky has the most significant relationship to the assignment of the Coverage Claim and the parties to this dispute, section 188 of the Second Restatement directs us to consider the choice-of-law principles specified in its section 6, which include, inter alia, the relevant policies of the forum and other interested states, and the protection of justified expectations. *See* Second Restatement § 6. In considering these principles, we are to take into account relevant contacts, such as the location of the subject matter of the contract, the place of its negotiation, and the residences of the parties. *Id.* § 188.

The Coverage Claim, and the Maynards' assignment thereof, has its roots in Kentucky. The Policy underlying the Coverage Claim was issued in Kentucky to provide liability insurance on a business vehicle utilized by the Maynards. The Maynards are residents of Kentucky, and their business is headquartered in the Commonwealth. If National Indemnity negligently underinsured the Maynards, the negligent act occurred in Kentucky, where the Policy was procured and issued, and where the Maynards and National Indemnity formed their contractual relationship. Furthermore, if the assignment of the Coverage Claim is permissible under Kentucky law, Brewer will merely "step into the shoes" of the Maynards. *See Entroth Shoe Co. v. Johnson*, 85 S.W.2d 686, 687 (Ky. Ct. App. 1935). The Coverage Claim does not lose its

---

state in which it sits, including the state's choice-of-law rules. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941) (observing that forum state's choice-of-law rules are substantive). Because this action was removed to the Southern District of West Virginia, we must apply West Virginia's choice-of-law rules.

Kentucky roots by virtue of being litigated by a West Virginia plaintiff in a West Virginia federal court. And litigation of the Coverage Claim will, in any event, continue to center upon whether National Indemnity negligently underinsured the Maynards.

Finally, at oral argument, counsel seemed to agree that Kentucky, rather than West Virginia, bears the most significant relationship to the Coverage Claim, the assignment thereof, and the parties. In these circumstances, Kentucky law governs the Question, and our certification thereof is appropriately addressed to the Supreme Court of Kentucky.

(iv)

We turn next to the contentions of the parties regarding the merits of the Question. Brewer maintains that the Coverage Claim, although in form a negligence action, is grounded in the Maynards' contractual relationship with National Indemnity and that it is properly assignable like any other contract claim. In support of this proposition, Brewer relies on a decision of the Court of Appeals of Kentucky holding that, although a claim in tort is generally not assignable in Kentucky, this rule does not apply to a tort founded upon contract and growing out of a contractual relationship. *See Grundy v. Manchester Ins. & Indem. Co.*, 425 S.W.2d 735, 737 (Ky. Ct. App. 1968) (holding assignable to injured party insured's claim against liability insurer for bad faith in negotiating settlement). Although relevant, this decision focused on the validity of an assignment of a bad faith claim, rather than on an assignment of an unliquidated negligent underinsurance claim.[10]

On the other hand, National Indemnity contends that the assign-

---

[10]In support of her position that the Coverage Claim is assignable, Brewer also relies on certain other Kentucky authorities. *See Steedly v. London & Lancashire Ins. Co., Ltd.*, 416 F.2d 259, 262 (6th Cir. 1969) (holding assignable to injured party insured's claim against insurer for negligently failing to claim contribution); *Terrell v. W. Cas. & Sur. Co.*, 427 S.W.2d 825 (Ky. Ct. App. 1968) (holding assignable to injured party insured's claim against insurer for judgment in excess of policy limits). Although perhaps pertinent, these authorities do not squarely address or resolve the Question.

ment of the Coverage Claim is invalid under Kentucky law, maintaining that there are no authoritative decisions of the Supreme Court of Kentucky or the Court of Appeals of Kentucky explicitly recognizing the validity of such an assignment. Furthermore, National Indemnity contends that assignment of the Coverage Claim is analogous to the assignment of an unliquidated legal malpractice claim, which the Court of Appeals of Kentucky has deemed contrary to public policy. *See Coffey v. Jefferson County Bd. of Educ.*, 756 S.W.2d 155, 157 (Ky. Ct. App. 1998) ("Our view that a chose in action for legal malpractice is not assignable is predicated on the uniquely personal nature of legal services and the contract out of which a highly personal and confidential attorney-client relationship arises, and public policy considerations based thereon.") (quoting *Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d 389, 395 (1976)). Finally, National Indemnity asserts that the unliquidated Coverage Claim is grounded solely in tort, and thus nonassignable in that it does not arise out of a contractual relationship.

In sum, we are unable to identify any controlling precedent on the Question in the decisions of the Supreme Court of Kentucky or the Court of Appeals of Kentucky. *See* Ky. R. Civ. P. 76.37. Accordingly, the Question is properly subject to review and consideration by the Supreme Court of Kentucky on certification, as its answer may be determinative of this cause. *Id.*

(c)    *Names of Appellant and Appellees*

    *Appellant*

    Leona Brewer, as Personal Representative of the Estate of
      Edward Rose, deceased.

    *Appellees*

    National Indemnity Company, a Nebraska Corporation; and
      W. E. Kingsley Company, a Kentucky Corporation.

(d)    *Names and Addresses of Counsel*

    *Counsel for Leona Brewer*

Brian A. Glasser, Esquire
Jennifer S. Fahey, Esquire
BAILEY & GLASSER, LLP
227 Capitol Street
Charleston, West Virginia 25301

*Counsel for National Indemnity Company and W. E. Kingsley Company*

Anita R. Casey, Esquire
MACCORKLE, LAVENDER, CASEY & SWEENEY, PLLC
300 Summers Street
Post Office Box 3283
Charleston, West Virginia 25332

**ORDER**

Pursuant to the foregoing, and exercising the privilege made available to this Court by Rule 76.37 of the Kentucky Rules of Civil Procedure, it is hereby ORDERED:

(1) that the Question be, and the same hereby is, certified to the Supreme Court of Kentucky;

(2) that the Clerk forward to the Supreme Court of Kentucky, under our official seal, a copy of this Order of Certification; and

(3) that to the extent requested by the Supreme Court of Kentucky, the Clerk provide that Court with the original or copies of all or such portion of the record before this Court as the Supreme Court of Kentucky deems necessary to a determination of the Question.

This Order of Certification is entered by Judge Motz, as the Judge presiding in this Court, pursuant to Rule 76.37(4) of the Kentucky

Rules of Civil Procedure, with the concurrences of Judge King and Judge Duncan.[11]

FOR THE COURT:

DIANA GRIBBON MOTZ
United States Circuit Judge

[11]This Court initially hears and decides appeals by randomly selected panels consisting of three of its judges. 4th Cir. R. 34(c) ("The Court initially hears and decides cases in panels consisting of three judges with the Chief Judge or most senior active judge presiding."). This appeal was assigned to a panel consisting of Judge Motz, Judge King, and Judge Duncan, which heard oral argument in Richmond, Virginia, on January 22, 2004. This Order of Certification has been prepared by Judge King, and it is entered by Judge Motz, as the Judge presiding in this Court. Ky. R. Civ. P. 76.37(4).