Leona BREWER, as Personal Representative of the Estate of Edward Rose, Deceased, Appellant,

v.

NATIONAL INDEMNITY COMPANY, a Nebraska Corporation, et al., Appellees.

No. 2004–SC–000270–CL.

Supreme Court of Kentucky.

May 19, 2005.

Robert Matthew Vital, Monica Leah Robinson, Vital & Vital, L.C., Huntington, WV, Brian A. Glasser, Jennifer S. Fahey, Bailey & Glasser, LLP, Charleston, WV, Counsel for Appellant.

Anita R. Casey, MacCorkle Lavender Casey & Sweeney, Charleston, WV, Marcia Milby Ridings, Brandon C. Jones, Hamm, Milby & Ridings, London, Counsel for Appellees.

LAMBERT, Chief Justice.

This case presents a certified question from the United States Court of Appeals for the Fourth Circuit. Specifically, the question certified is as follows: Whether a fiduciary may maintain an action against an insurer for negligently underinsuring its insured, where the fiduciary, the insurer, and the insured have executed an agreement in which:

(1) the fiduciary settled a wrongful death claim against the insured for the maximum limit of the insurance policy, which the insurer agreed to pay to the fiduciary in consideration for the insured's release;

(2) the insured assigned to the fiduciary the right to pursue its claim that the insurer negligently underinsured its insured; and

(3) the insurer agreed to litigate with the fiduciary the claim that it negligently underinsured its insured.[1]

We answer the certified question in the affirmative. Under the facts presented here, Kentucky law allows a fiduciary to proceed against an insurer pursuant to the bargained-for agreement entered into by the parties.

The defendant in this action is National Indemnity, an insurance company incorporated in Nebraska. National Indemnity's presence in this case stems from a car wreck between its insured, Maynard's Wrecker Service, and Edward Rose, who is represented by the plaintiff. The plaintiff, Leona Brewer, is the administratrix of the estate of Edward Rose, who was killed in the car accident.

On November 29, 2001, in West Virginia, the vehicle driven by Edward Rose, a resident of West Virginia, collided with the truck of Joe Maynard, a Kentucky resident. Maynard, an employee of a Kentucky business known as Maynard's Wrecker Service, was operating a 1999 Ford Rollback truck within the scope of his employment when the accident occurred. Maynard's negligence proximately caused the accident and Rose's death.

The truck operated by Maynard was insured by National Indemnity, which provided liability coverage on the vehicle in the sum of $100,000. This policy was issued in Kentucky. Brewer, serving in her capacity as administratrix of Rose's estate, filed a civil suit against Maynard and his wrecker company. After the claim was removed to the United States District Court for the Southern District of West Virginia, Brewer amended her complaint, naming additional defendants, including National Indemnity. Count I (the Death Claim) of Brewer's complaint alleged a wrongful death claim against the Maynards. Count II (the Coverage Claim) alleged that National Indemnity negligently breached its duty to provide the Maynards with the minimum amount of commercial liability coverage (claimed to be $750,000) required by federal law, proximately causing the Maynards to be underinsured at the time of the accident.

Brewer, National Indemnity, and the Maynards all entered into a partial settle-

1. *Brewer v. Nat'l Indem. Co.,* 363 F.3d 333 (4th Cir.2004).

ment agreement. Three issues were agreed upon. First, National Indemnity agreed to pay Brewer the policy limit of $100,000 in exchange for a release of its insured, the Maynards. Second, National Indemnity agreed to further litigate the Coverage Claim with Brewer. Finally, the Maynards assigned to Brewer their rights and claims for indemnification under the policy against National Indemnity, as well as all rights and claims against National Indemnity for extra-contractual, statutory, or common law liability arising out of the Coverage Claim.

Subsequent to the agreement, National Indemnity moved the trial court to dismiss the Coverage Claim. The trial court granted that motion, reasoning that Brewer lacked standing to bring the claim since Rose (whose rights Brewer was representing) had no privity of contract with National Indemnity. In seeking relief from the order of dismissal, Brewer asserted that National Indemnity was equitably estopped from denying that she possessed standing, because National Indemnity had executed the settlement agreement in exchange for a release of its insureds. The trial court denied relief, and Brewer appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit held that Kentucky law applies, and certified the above-referenced question to this Court.

National Indemnity alleges that it is not party to the assignment agreement, as it was exclusively between the Maynards and Brewer. We do not find this argument persuasive. The language of the agreement and the surrounding circumstances show that National Indemnity was in fact a party to the assignment.

There was only one document, which encompassed in five pages all of the terms of the agreement between all of the parties. National Indemnity's representative signed at the end of the document. And it does not claim that any of the other provisions of the agreement are ineffectual, i.e., that the provisions releasing the insured from further liability should not be given effect. But it does claim that it was not a party to the assignment agreement; that agreement was exclusively between the Maynards (the insured) and Brewer (the fiduciary). But the language of the agreement belies National Indemnity's position. The agreement repeatedly indicates that the parties contemplated that Brewer would retain the right to proceed against National Indemnity. In both the eighth and ninth recitals the agreement provides that the National Indemnity Company agreed to litigate further the Coverage Claims issue with Brewer in exchange for a release of the Maynards and that all three parties (National Indemnity, Brewer and the Maynards) desired to settle the claim against the Maynards subject to Brewer preserving the right to proceed upon the Coverage Claim. Furthermore, the release provisions stated that the release was not intended to cut off Brewer's right to pursue the Coverage Claim against National Indemnity. However, National Indemnity argues that it is not a party because it is not named in the assignment section of the agreement as a party that agreed to the assignment. While we agree that National Indemnity is not specifically named in that section, it is named in the section of the agreement dealing with future cooperation:

It is expressly agreed and understood that Administratrix, the Maynards and National Indemnity Company will cooperate fully, and execute any and all supplementary documents and to take all additional action that may be necessary or appropriate to give full force and effect to the terms and provisions of this Release and Settlement Agreement

which are not inconsistent with its terms.

Therefore, we conclude that National Indemnity was a party to the agreement, including the section that assigned all the rights and causes of action that the Maynards possessed at the time of the assignment.

Furthermore, we note that the circumstances surrounding the agreement demonstrate that the parties understood the agreement to assign the Maynards' rights and causes of action to Brewer. In other words, the timeline of events demonstrate that Brewer would not have agreed to release the Maynards had National Indemnity not agreed to further litigate the validity of the claims that were assigned by the Maynards to Brewer. Finally, under these facts, National Indemnity is estopped to deny the viability of the Coverage Claim issue.

In conclusion, we hold that National Indemnity agreed to the assignment of the Maynards' rights and causes of action to Brewer. In return, National Indemnity secured a release in favor of its insured and eliminated the possibility of a bad faith claim from its insured or the plaintiff. As such, we answer the certified question in the affirmative, and hold that Brewer is entitled to maintain her action against National Indemnity to determine whether it negligently underinsured the Maynards.

All concur.