**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LEONA BREWER, as Personal
Representative of the Estate of
EDWARD ROSE, deceased,
                *Plaintiff-Appellant,*

v.

NATIONAL INDEMNITY COMPANY, a
Nebraska Corporation; W. E.
KINGSLEY COMPANY, a Kentucky
Corporation,
                *Defendants-Appellees,*

and

JOE MAYNARD; NORMA JEAN
MAYNARD and GREGORY MAYNARD,
d/b/a Maynard's Wrecker Service;
DENISE M. GAUZE, as Executrix of          No. 03-1531
the Estate of HERBERT MAYNARD,
d/b/a Maynard's Used Auto Parts;
JOE A. YOUNG; JOE A. YOUNG
INSURANCE AGENCY, INC., a Kentucky
Corporation; DEBORAH L. HANSHAW,
                *Defendants,*

and

NATIONWIDE MUTUAL INSURANCE
COMPANY; EMILY HOWELL; MANUUEL
ROSE; RHONDA MESSER,
                *Parties in Interest.*

LEONA BREWER, as Personal
Representative of the Estate of
EDWARD ROSE, deceased,
                    *Plaintiff-Appellant,*

                    v.

NATIONAL INDEMNITY COMPANY, a
Nebraska Corporation; W. E.
KINGSLEY COMPANY, a Kentucky
Corporation,
                    *Defendants-Appellees,*

                    and

JOE MAYNARD; NORMA JEAN
MAYNARD and GREGORY MAYNARD,
d/b/a Maynard's Wrecker Service;
DENISE M. GAUZE, as Executrix of
the Estate of HERBERT MAYNARD,                    No. 03-1696
d/b/a Maynard's Used Auto Parts;
JOE A. YOUNG; JOE A. YOUNG
INSURANCE AGENCY, INC., a Kentucky
Corporation; DEBORAH L. HANSHAW,
                    *Defendants,*

                    and

NATIONWIDE MUTUAL INSURANCE
COMPANY; EMILY HOWELL; MANUUEL
ROSE; RHONDA MESSER,
                    *Parties in Interest.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Elizabeth V. Hallanan, Senior District Judge.
(CA-02-48-2)

Argued: January 22, 2004

Decided: June 30, 2005

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Duncan joined.

## COUNSEL

**ARGUED:** Jennifer Sue Fahey, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellant. Anita Rose Casey, MAC-CORKLE, LAVENDER, CASEY & SWEENEY, PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:** Brian A. Glasser, BAI-LEY & GLASSER, LLP, Charleston, West Virginia, for Appellant.

## OPINION

KING, Circuit Judge:

In this diversity action, Leona Brewer, the Administratrix of the Estate of Edward Rose, deceased, has appealed the dismissal of her complaint against National Indemnity Company and W. E. Kingsley Company (collectively, "National Indemnity"). The district court for the Southern District of West Virginia concluded that, because Rose lacked privity with National Indemnity, Brewer lacked standing, as Administratrix, to pursue her claim against National Indemnity for the negligent breach of its duty to provide minimum commercial liability insurance coverage to its insured. *See Brewer v. Maynard*, No. 118 Civ. 2:02-0048 (S.D. W. Va. Mar. 28, 2003).

By our earlier Order of Certification to the Supreme Court of Kentucky, we found the law of Kentucky applicable to the issue of whether Brewer possesses standing to sue National Indemnity on the foregoing claim. *See Brewer v. Nat'l Indem. Co.*, 363 F.3d 333, 339 (4th Cir. 2004). As spelled out in our Order of Certification, however, we were "unable to identify any controlling precedent," under Kentucky law, on whether Brewer could maintain her claim against

National Indemnity in the circumstances of this case. *Id.* at 340. Accordingly, after outlining the relevant facts and the nature of the controversy, we certified to the Supreme Court of Kentucky, pursuant to Kentucky Rule of Civil Procedure 76.37 (entitled "Certification of question of law"), the following question of law:

> [w]hether a fiduciary may maintain an action against an insurer for negligently underinsuring its insured, where the fiduciary, the insurer, and the insured have executed an agreement in which:
>
> > (1)  the fiduciary settled a wrongful death claim against the insured for the maximum limit of the insurance policy, which the insurer agreed to pay to the fiduciary in consideration for the insured's release;
> >
> > (2)  the insured assigned to the fiduciary the right to pursue its claim that the insurer negligently underinsured its insured; and
> >
> > (3)  the insurer agreed to litigate with the fiduciary the claim that it negligently underinsured its insured.

*Id.*

The Supreme Court of Kentucky, in the exercise of its discretion, accepted our certified question of law and has now answered it in the affirmative. *See Brewer v. Nat'l Indem. Co.*, No. 2004-SC-000270-CL, ___ S.W.3d ___ (Ky. May 19, 2005). As spelled out therein, the Court determined, *inter alia*, that National Indemnity was a party to the settlement agreement between the insureds and Brewer, and that Brewer would not have agreed to the release had National Indemnity not agreed to "further litigate the validity of the claims that were assigned." *Id.* at ___. The Court thus held that "Brewer is entitled to maintain her action against National Indemnity to determine whether it negligently underinsured" its insured. *Id.* at ___.

In view of, and having adopted, the Supreme Court of Kentucky's published opinion of May 19, 2005, answering our certified question of law in the affirmative, we vacate the judgment of the district court and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*