413 F.3d 429
 Leona BREWER, as Personal Representative of the Estate of Edward Rose, deceased, Plaintiff-Appellant,
v.
NATIONAL INDEMNITY COMPANY, a Nebraska Corporation; W.E. Kingsley Company, a Kentucky Corporation, Defendants-Appellees, and
Joe Maynard; Norma Jean Maynard and Gregory Maynard, d/b/a Maynard's Wrecker Service; Denise M. Gauze, as Executrix of the Estate of Herbert Maynard, d/b/a Maynard's Used Auto Parts; Joe A. Young; Joe A. Young Insurance Agency, Inc., a Kentucky Corporation; Deborah L. Hanshaw, Defendants, and
Nationwide Mutual Insurance Company; Emily Howell; Manuuel Rose; Rhonda Messer, Parties in Interest.
Leona Brewer, as Personal Representative of the Estate of Edward Rose, deceased, Plaintiff-Appellant,
v.
National Indemnity Company, a Nebraska Corporation; W.E. Kingsley Company, a Kentucky Corporation, Defendants-Appellees, and
Joe Maynard; Norma Jean Maynard and Gregory Maynard, d/b/a Maynard's Wrecker Service; Denise M. Gauze, as Executrix of the Estate of Herbert Maynard, d/b/a Maynard's Used Auto Parts; Joe A. Young; Joe A. Young Insurance Agency, Inc., a Kentucky Corporation; Deborah L. Hanshaw, Defendants, and
Nationwide Mutual Insurance Company; Emily Howell; Manuuel Rose; Rhonda Messer, Parties in Interest.
 No. 03-1531.
 No. 03-1696.
 United States Court of Appeals, Fourth Circuit.
 Argued January 22, 2004.
 Decided June 30, 2005.
 
 ARGUED: Jennifer Sue Fahey, Bailey & Glasser, LLP, Charleston, West Virginia, for Appellant. Anita Rose Casey, MacCorkle, Lavender, Casey & Sweeney, PLLC, Charleston, West Virginia, for Appellees. ON BRIEF: Brian A. Glasser, Bailey & Glasser, LLP, Charleston, West Virginia, for Appellant.
 Before MOTZ, KING, and DUNCAN, Circuit Judges.
 Vacated and remanded by published opinion. Judge KING wrote the opinion, in which Judge MOTZ and Judge DUNCAN joined.
 OPINION
 KING, Circuit Judge.
 
 
 1
 In this diversity action, Leona Brewer, the Administratrix of the Estate of Edward Rose, deceased, has appealed the dismissal of her complaint against National Indemnity Company and W.E. Kingsley Company (collectively, "National Indemnity"). The district court for the Southern District of West Virginia concluded that, because Rose lacked privity with National Indemnity, Brewer lacked standing, as Administratrix, to pursue her claim against National Indemnity for the negligent breach of its duty to provide minimum commercial liability insurance coverage to its insured. See Brewer v. Maynard, No. 118 Civ. 2:02-0048 (S.D.W.Va. Mar. 28, 2003).
 
 
 2
 By our earlier Order of Certification to the Supreme Court of Kentucky, we found the law of Kentucky applicable to the issue of whether Brewer possesses standing to sue National Indemnity on the foregoing claim. See Brewer v. Nat'l Indem. Co., 363 F.3d 333, 339 (4th Cir.2004). As spelled out in our Order of Certification, however, we were "unable to identify any controlling precedent," under Kentucky law, on whether Brewer could maintain her claim against National Indemnity in the circumstances of this case. Id. at 340. Accordingly, after outlining the relevant facts and the nature of the controversy, we certified to the Supreme Court of Kentucky, pursuant to Kentucky Rule of Civil Procedure 76.37 (entitled "Certification of question of law"), the following question of law:
 
 
 3
 [w]hether a fiduciary may maintain an action against an insurer for negligently underinsuring its insured, where the fiduciary, the insurer, and the insured have executed an agreement in which:
 
 
 4
 (1) the fiduciary settled a wrongful death claim against the insured for the maximum limit of the insurance policy, which the insurer agreed to pay to the fiduciary in consideration for the insured's release;
 
 
 5
 (2) the insured assigned to the fiduciary the right to pursue its claim that the insurer negligently underinsured its insured; and
 
 
 6
 (3) the insurer agreed to litigate with the fiduciary the claim that it negligently underinsured its insured.
 
 
 7
 
 Id.
 
 
 
 8
 The Supreme Court of Kentucky, in the exercise of its discretion, accepted our certified question of law and has now answered it in the affirmative. See Brewer v. Nat'l Indem. Co., 163 S.W.3d 885 (Ky. 2005). As spelled out therein, the Court determined, inter alia, that National Indemnity was a party to the settlement agreement between the insureds and Brewer, and that Brewer would not have agreed to the release had National Indemnity not agreed to "further litigate the validity of the claims that were assigned." Id. at 886. The Court thus held that "Brewer is entitled to maintain her action against National Indemnity to determine whether it negligently underinsured" its insured. Id. at 888.
 
 
 9
 In view of, and having adopted, the Supreme Court of Kentucky's published opinion of May 19, 2005, answering our certified question of law in the affirmative, we vacate the judgment of the district court and remand for such other and further proceedings as may be appropriate.
 
 
 10
 
 VACATED AND REMANDED.